Could the clerk call the first case please. Mr. Cletus, good morning. May it please the court, counsel. I'm Mario Cletus. I'm an assistant appellate defender with the Office of the State Appellate Defender. I represent the defendant, Appellant J.T. Yankaway. Mr. Yankaway was sentenced to 15 years in the Department of Corrections. He later filed a post-conviction petition alleging violations of his 6th and 14th Amendment rights. The trial court found the petition stated the gist of a constitutional claim and appointed counsel to represent Mr. Yankaway at the second stage of the proceeding. Counsel subsequently moved to dismiss Mr. Yankaway's petition and withdraw from the case because he believed the petition was without merit. Without ruling on counsel's motion, the trial court dismissed the petition on the state's motion. Mr. Yankaway was not present when the trial court dismissed his petition, and the record does not indicate he received notice his attorney was moving to dismiss it and withdraw from the case. In effect, at that point in the proceeding, Mr. Yankaway was pro se, but he did not know it. Because Yankaway did not receive notice of his attorney's motion to dismiss and withdraw, he never had the opportunity to respond to the state's motion to dismiss his petition. On appeal, he argues, the trial court improperly dismissed his petition under the circumstances, and he asked his court to vacate the trial court's order and reinstate his petition so that he can respond to the state's motion and his attorney's motion to dismiss and withdraw. In the second stage of a post-conviction proceeding, appointed counsel must review the trial court record and consult with the defendant. If after doing this, appointed counsel believes the petition is without merit, he can withdraw from the case. However, even if counsel finds the petition is without merit, the defendant remains entitled to due process. The Illinois Supreme Court has affirmed the critical importance of protecting the due process rights of post-conviction defendants, particularly relevant to Yankaway's case. The defendant is entitled to notice that the trial court is going to rule on a motion to dismiss his petition. He's also entitled to notice that his attorney is moving to withdraw from the case. Furthermore, the appealed court should not assume the defendant received notice that his attorney was moving to withdraw if the record does not indicate he withdrew from the case and dismissed Yankaway's petition, and he filed a Rule 651C certificate. Neither counsel's motion to dismiss nor the certificate indicated whether he spoke to Yankaway about this. The very next day, the court held a hearing on the counsel's motion and the state's motion to dismiss, which the state had filed earlier. Counsel told the court he was moving to dismiss Yankaway's petition. He did not say whether he spoke to Yankaway about this, and the trial judge did not ask whether he had spoken to Yankaway about this or had otherwise given Yankaway notice that he was moving to withdraw from the case. At this point in the hearing, Yankaway was basically without counsel. Without notice that this was happening, he couldn't speak. The trial judge had not ruled on the motion to withdraw? He hadn't ruled on the motion to withdraw. So why do you say he was without counsel? I mean, this court has found that just by virtue of filing the motion to withdraw, the post-conviction counsel is telling the trial court he is not going to be advancing the petitioner's claims. He's essentially walking away from the case. He's just waiting for the court to stamp it, basically. I mean, there's no reason to expect. Once Yankaway's attorney goes into the trial court, actually, once he files the motion and then goes into the trial court and says, your honor, I don't think there's anything to this, he's telling the trial court I would like to walk away from this case. I mean, and he's explicitly stating I don't think there's anything to the petition. Is there? I don't know. You know, I don't know what more would come out. Had Yankaway been given notice, which he didn't get, I don't know what more would come out. Well, wasn't he given notice of a lot of the state's motion to dismiss? Yes, he had notice of the state's motion to dismiss. What he didn't have notice of was the fact that his attorney was going to withdraw from the case. And the court ruled on the motion to dismiss? Yes. Which he had notice of. Which he had notice of. But he didn't have notice that his attorney was withdrawing, and I under the impression that he believed his attorney was going to court to represent him in opposing the state's motion to dismiss. I mean, that's from the record, that's all we know that Yankaway knew. And so if Yankaway didn't know his attorney was withdrawing from the case, he lets that hearing come without knowing that there's no one in court to speak for him. And if he had had notice his attorney was withdrawing, at the very least he could have written the court a letter or something to indicate I would like to be there, or the letter itself might have indicated I disagree with my, you know, counsel's motion to withdraw and I disagree with the state's motion. I'm correct in thinking that the judge ruled on a motion to dismiss. The defendant had notice of that motion to dismiss that was coming up that day. The court ruled on that. There was no ruling on the motion to withdraw. I mean, again, I think his attorney, by filing the motion to withdraw, I mean, this court and people he sure found that by virtue of the motion to withdraw itself, the attorney is telling the court, I'm separating myself from my client. I'm not advancing his claims. I don't think his claims have any merit. There's no reason to expect counsel to oppose the motion to dismiss once he tells the court he would like to withdraw from the case. And in this case, the prosecutor at Yankaway's hearing asked the court to join the two motions, not just the state's motion to dismiss, but to join it with the Greer motion to dismiss the case. I mean, no one was speaking for Yankaway at that hearing. Mr. Yankaway had the right to counsel? He had the right to counsel, but his counsel also could withdraw from the case. I mean, we're not arguing that, I don't know, that Yankaway should have been appointed another attorney once his counsel was allowed to withdraw. We're just asking that Yankaway, I mean, we're saying he should have been given some notice that this was happening before it happened, so that if he had anything he wanted to say in response to the state's motion to dismiss, he would have had that opportunity either in court or at least in writing to the court, you know, just some opportunity to speak for himself once his counsel decided he wasn't going to speak for Yankaway. And I don't think, I mean, in this case, that procedure, just giving the defendant notice, is not unheard of. I mean, we're not asking, I mean, I don't think we're asking for something that's unheard of in the courts. I mean, my understanding, if you read appellate court cases and even Supreme Court cases, defendants in this situation are routinely given notice either by their attorney, who discusses the motion to withdraw with the client before going to court and having a hearing on the motion, or the court itself somehow indicates to the client that, you know, your attorney is moving to withdraw. I mean, at the appellate defender, when we move to withdraw from a case on appeal in a post-conviction case, we give the client notice. We write the client a letter. We try to call the client. This court gives the defendant 35 days from the day we filed the Finley motion to respond to the Finley motion. And I'm not saying that Yankaway necessarily needed 35 days and that the trial court needs to follow the same procedure that this court does in Finley cases. But some notice, I think, would be appropriate and would help protect Yankaway's due process rights. In this case, as far as we know, he didn't get that notice. I have something that I'm not clear on. The trial court found that there was a gist of a constitutional claim and appointed counsel for him. At that point, if Mr. Yankaway does not want to be represented by counsel, does he have to do the same kind of waiver stuff that he has to do in a criminal case? When you say waiver stuff, I'm not sure. Well, does he have the right to waive counsel? Yes, my understanding is yes. He does not have to accept an appointed attorney. He can go pro se once he moves past the first stage. Okay, I'm asking my question inartfully. In a criminal case, if a defendant is going to represent himself, then there are procedures that you have to go through for him to waive his right to counsel. Yes. I understand that the post-conviction situation is different. But does Mr. Yankaway have to give some notice to the court that he doesn't want to be represented by counsel? When this comes up for hearing, and it's a substantive discussion about the merits of his petition, he's represented by counsel. Does he have to do something with the court in order to say, I don't want this person to represent me, in order for him to be in court, unrepresented on this issue? I don't know. I mean, I would imagine, typically, if a defendant didn't want his counsel in that situation, I assume he probably would give some notice to the court, either in writing or if he's in court for a hearing, he would say so. I'm not sure what the procedure is, once the proceeding starts, what the defendant has to do to, I guess, dismiss appointed counsel. Because your argument, as I understand it, is that he's functionally without counsel. Yes. Even though, technically, he may have an attorney of record. Functionally, he has nobody speaking for him. Yes. And I'm just trying to figure out how one gets from that to him having some right to be there. Yes. I'm actually not even sure that he, again, I'm not sure that he has to be in court at this hearing, once he has an attorney. As I said earlier, I think all we really are asking for in this case is that he have been given some notice that his counsel was asking the court to withdraw. So that once the judge is going to rule on the state's motion to dismiss, if Yankaway has anything to say on his own behalf, someone is there to do it for him, or he has done it for himself prior to the hearing by writing to the court, some response to the state's motion to dismiss. So, again, as I indicated earlier, the trial court erred when it granted the state's motion under these circumstances. The court acknowledged that Yankaway wasn't represented at this point, because the court granted the motion, as it said, without objection in light of defense counsel's motion. So I think, functionally, the court recognized there is no one speaking for this person right now. Whether or not the court explicitly granted the motion, the court recognized the attorney was not speaking for Yankaway, and therefore no one was speaking for Yankaway in the court. Everyone but Yankaway knew that he no longer had an attorney representing him in this case. And under the circumstances, we argue that the trial court erred in dismissing his petition, and we respectfully ask this court to reinstate it so that he can respond to the state's motion. I have one other question. I think that the briefs indicated that the trial court put on the record that counsel was waived. I have that wrong? Yankaway's appearance itself was waived at a number of hearings. This was while he still had counsel, though. So while he had counsel, the parties waived Yankaway's presence at the hearings. But again, this was before his attorney later moved to withdraw from the case. Okay. All right. Thank you. Ms. Kelly? I can do it now. Judge Litton is the third member of the panel. He's ill and isn't able to be here today. He will be listening to the tapes and will be participating in the conferencing. Sometimes I say that at the beginning, sometimes at the end. Thank you. May it please the court. Counsel. The people filed a motion to dismiss the post-conviction petition in this case based on timeliness. The people cannot raise timeliness until it gets to the second stage. It's not a jurisdictional bar. It's an affirmative defense. After the defendant filed his post-conviction petition, counsel was appointed. The people filed a motion to dismiss, saying that the petition was untimely. The petition was filed two years after the conclusion of the defendant's direct appeal. Under 122-1C, the defendant's petition, since he did not file a petition for legal appeal, was due approximately six months after the denial of his direct appeal. The defendant in his post-conviction petition said that his delay was not due to his culpable negligence because during the month before he filed his petition, that would be February 2011, he was on institutional lockdown. That's what his petition said. The people filed a motion to dismiss based primarily on the fact that his petition was untimely and secondarily that it raised matters that were raised judicata. The people filed the petition to dismiss in the spring. The case was continued two or three times after the people filed their motion to dismiss. Each time, the defendant got a copy of that order telling him it was continued for hearing on the people's motion to dismiss. Finally, it was set for June 1st for the hearing on the people's motion to dismiss. On May 31st, the defense counsel filed his certificate in compliance with Supreme Court Rule 651C and along with that, he filed what he termed a motion to dismiss slash leave to withdraw. The certificate of 651C was very complete. It told the court exactly which portions of the record he had read, which people he had spoken to in addition to reading the record. He had spoken with the warden of the facility. He found that the defendant's claim that he was on institutional lockdown was actually rebutted by what the warden told him. He then also stated that he had tried to find a witness that the defendant had mentioned and he couldn't find that witness. It was based on all that that he was subsequently also filing this motion to dismiss and leave to withdraw. At the hearing, all of this came out to the court, but the basis on which the court granted the people's motion to dismiss was on the basis that the petition was untimely. There's nothing that the defendant, I don't think, could have done had he been there that day that would have changed that outcome. The defendant does not now talk about what merit perhaps underlies his constitutional issues, but neither did he mention the untimeliness basis in his argument to this court. It's the people's position in their brief that the motion to dismiss was granted on the basis that the petition was untimely. The trial court did not reach. The defendant's counsel's motion to withdraw or motion to dismiss slash leave to withdraw because he granted the dismissal on the untimeliness basis. At the time, he granted that the defendant remained represented by counsel. His counsel had ethical obligations, and he balanced his ethical obligations with the obligation to provide a reasonable level of assistance. That was done in this case. There was no need for the defendant to have actually received notice that counsel was filing this motion for leave to withdraw. The defendant knew that the case was set for hearing on the people's motion to withdraw. He knew what the basis of the people's motion to withdraw was, and the defendant's due process rights were not abridged at that hearing. Questions? No? Thank you, Ms. Kelly. Mr. Kladdis? Just briefly, Your Honors. We don't dispute that Yankaway had notice of the state's motion to dismiss and what it contained. Again, if Yankaway thought he had counsel who was going to go to court on June 1st and oppose the state's motion for him, there's no reason for him to respond. There's no reason for him to ask to be there. His attorney is there for him in his place to represent his interests. As counsel pointed out, on May 31st, his attorney moved to withdraw. The next day, they go into court to hold a hearing on the state's motion to dismiss and the attorney's motion to withdraw. Yankaway had no notice that this was happening. He should have received notice. Counsel talks about the timeliness of the petition. One of the things Counsel's Greer motion doesn't address is why Yankaway thought his petition was due in February 2011. Had Yankaway had an opportunity to respond to his attorney's motion, or if he had been in court, someone could have asked him on the record, why did you think your petition was due at this date and not a year and a half earlier? On appeal, that's something I would like to know, and we don't have anything in the record to tell us why Yankaway thought that. And as far as we can tell from Counsel's Greer motion, it doesn't appear that Counsel asked him or did anything to figure that out. And it might be relevant. We don't know what Yankaway would have said had he been given the opportunity to respond to the state's motion. As far as Yankaway, I mean, even if he couldn't say anything, even if Yankaway couldn't say anything about the timeliness, again, he needs to have notice. And the merits of his petition, you know, in People v. Sherman, the court walked through the attorney's, basically it was a Greer motion. This was before Greer. The court looked at the Counsel's motion to withdraw, didn't dispute that Counsel was correct in his evaluation. The client had no, there was no petition to his claim. Nevertheless, the court said when he files the motion to withdraw, he's not, functionally he's no longer representing his client. And if his client doesn't have notice that he's doing that, and there's a court hearing on the state's motion to dismiss, there's no one speaking for the defendant. And the defendant needs to be able to speak for himself if his attorney's not going to. Again, I mean, under these circumstances, we think, you know, Yankaway needed to have notice that his attorney was moving to withdraw. We don't know what he would have said had he been given the opportunity to respond to Counsel's motion and the state's motion to dismiss. And it wouldn't be much to give him that opportunity. I mean, simply just making sure he had notice. For all we know, you know, if his Counsel talks to him about the motion to withdraw before that hearing, Yankaway might tell Counsel, you know, I don't want to oppose this. I'm fine. You know, maybe you're right. And that's it. And that could be the end of it. And Counsel can tell the trial court that when he moves to withdraw from the case. But without anything to say, Counsel actually spoke about this with his client, and Yankaway could be essentially blindsided when he finds out a month later, you know, with some letter from the court indicating that his petition's been dismissed, and it's over. I mean, he can get notice. It's not much to give him notice, and he should have gotten notice under these circumstances. Thank you. Thank you. We'd like to thank both of you for your arguments this morning. We'll take the matter under advisement with Justice Linton, and we'll issue a written decision as quickly as possible. The court will now stand in brief recess for a panel to change.